IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES E. HAMNER,
ADC #143063                                                                    PLAINTIFF

V.                        CASE NO. 5:16-CV-369-JLH-BD

WENDY KELLEY, et al.                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

### II.  Background

Charles E. Hamner, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) The Court screened Mr. Hamner's complaint, as required by the Prison Litigation Reform Act ("PLRA"), and allowed him to proceed on retaliation claims against Defendants Waddle and Naylor. (#2) Later, Mr. Hamner added retaliation claims against Defendants Kelley,

White, and Reed. (#35, #44) The Court has already dismissed claims, however, against Defendants Kelley, Naylor, White, and Reed. (#73) Therefore, Mr. Hamner's retaliation claim against Defendant Waddle is the only remaining claim.

Defendant Waddle has now moved for summary judgment. (#89) Mr. Hamner has responded to the motion, and Defendant Waddle has replied. (#95, #96, #97) In addition, Mr. Hamner has moved for summary judgment. (#86)

### III. Discussion

A.  Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). As moving party, Defendant Waddle bears the burden of producing admissible evidence showing that there is no real dispute. If he offers such evidence, Mr. Hamner is obligated to meet evidence with evidence if he is to avoid summary judgment.

B.  Factual History

On August 6, 2015, Mr. Hamner filed a complaint with the Arkansas Claims Commission ("Claims Commission"). (#2 at p.90) In that action, Mr. Hamner complained that, in November 2014, ADC officials violated ADC policy by failing to provide him a written explanation of the charges against him within 72 hours of placing him on investigative status. In his complaint before the Claims Commission, Mr. Hamner specifically charged that Defendant Waddle lacked the authority to hold a disciplinary

2

hearing on the charge at issue because Mr. Hamner had not received a written explanation of the charges against him within 72 hours. On February 11, 2016, Mr. Hamner's action before the Claims Commission was dismissed. (*Id.* at p.93)

While that action remained pending, however, on October 22, 2015, Corporal Kendra Hopson (not a party to this lawsuit) was working at barracks 9, zone 3, of the Tucker Unit when she observed Mr. Hamner fall under the dayroom benches. (#90-3 at p.1) According to the incident report, Mr. Hamner was incoherent; his eyes were bloodshot; and his speech was slurred. (*Id.*) Mr. Hamner stated, "I need help. I need help." (#90-1 at p.8)

Corporal Hopson called for assistance, and Mr. Hamner was escorted to the infirmary. (#90-3 at p.1) Corporal Hopson charged Mr. Hamner with being under the influence of illegal drugs, alcohol, or other chemical substance. (#90-3 at p.6) At the disciplinary hearing, Defendant Waddle found Mr. Hamner guilty of the charged rule violation. (#95 at pp.10-11)

C. Retaliation Claim

To prevail on a retaliation claim, a prisoner must show that retaliation was the "actual motivating factor" for adverse treatment and that the adverse action would not have occurred "but for a retaliatory motive." *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007); *Haynes v. Stephenson,* 588 F.3d 1152, 1156 (8th Cir. 2009). Importantly, a prisoner cannot prevail if adverse action was taken for both a legitimate reason and for retaliatory reason. *Id.; Webb v. Hedrick,* Case No. 09–2896, 2010 WL 4366438, *1 (8th Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a prisoner cannot prevail "if

3

retaliation was one factor" in the defendants' decision); *Ponchik v. Bogan,* 929 F.3d 419, 420 (8th Cir.1991) (rejecting a retaliation claim where retaliation was only one of the factors leading to the inmate's transfer). A finding that a disciplinary is based on some evidence of a violation "essentially checkmates" a retaliation claim. *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994) *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584 (1995). "A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an impartial decision-maker." *Cole v. Norris,* No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D. Ark.) (quoting *Hartsfield v. Nichols,* 411 F.3d 826, 831 (8th Cir. 2008)).

Here, Mr. Hamner alleges that Defendant Waddle improperly convicted him of the disciplinary at issue because Defendant Waddle was the subject of the action that Mr. Hamner had pending with the Claims Commission, and, in October 2015, Defendant Waddle's conduct was being investigated by internal affairs.[1]

To prevail on his retaliation claim, Mr. Hamner must come forward with evidence that he would not have been convicted of the disciplinary at issue "but for" Defendant Waddle's retaliatory conduct. *Webb v. Hedrick,* 409 F. App'x 33, 35 (8th Cir. 2010). Mr. Hamner has not presented any such evidence. On the other hand, Defendant Waddle has offered Corporal Hopson's disciplinary papers that describe Mr. Hamner's conduct on the date in question. Furthermore, Mr. Hamner has not presented any evidence that

---

[1] The Court notes that Mr. Hamner's primary complaint appears to be that he was not drug tested before he was charged with the disciplinary at issue.

4

Defendant Waddle was aware of Mr. Hamner's action before the Claims Commission at the time that he conducted the disciplinary hearing at issue.[2]

Although Mr. Hamner alleges that Mr. Waddle was the subject of an internal affairs investigation as a result of the Claims Commission case, he has not come forward with any evidence to support that allegation. Even if there was a pending investigation, Mr. Hamner has not produced any evidence tending to show that Defendant Waddle was aware of such an investigation in October 2015.[3] Finally, it is undisputed that Mr. Hamner did not request that Defendant Waddle recuse himself from presiding at the disciplinary hearing in question.

In reviewing the video recording of the disciplinary hearing at issue, it appears that Defendant Waddle relied upon Corporal Hopson's statement in finding Mr. Hamner guilty of the charged rule violation. That statement constitutes "some evidence" of a rule violation so as to sufficiently support a disciplinary conviction. Because Mr. Hamner has not met the "substantial burden" of proving that "the actual motivating factor for his [disciplinary conviction] was the impermissible retaliation," *Goff v. Burton,* 7 F.3d 734,

---

[2] In interrogatories he propounded, Mr. Hamner asks "is it true in a major disciplinary hearing you conducted on the plaintiff on November 18, 2015[,] at 11:19 a.m., not 3 weeks after the October 29, 2015 hearing you conducted, that the plaintiff told you on tape he had a letter from the Ark. Dept. Of Corr. office of counsel stating you were being investigated by internal affairs . . .." (at p.7) Defendant Waddle responded that he did not remember whether Mr. Hamner had made that statement. (*Id.*)

[3] According to the Claims Commission papers that are part of the record in this case, the ADC responded to Mr. Hamner's complaint by requesting that "the claim be dismissed with prejudice and that Claimant take nothing, or in the alternative that the matter be held in abeyance until completion of the investigation by internal affairs." (#2 at p.91)

5

737 (8th Cir.1993) (quotations omitted), he has failed to create a material question of fact on this issue. Based on this record, Defendant Waddle is entitled to judgment as a matter of law.

## IV. **Conclusion**

The Court recommends that Defendant Waddle's motion for summary judgment (#89) be GRANTED. Mr. Hamner's claims against Defendant Waddle should be DISMISSED, with prejudice. Mr. Hamner's motion for summary judgment (#86) should be DENIED, as moot.

DATED this 19th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE