IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES E. HAMNER, ADC#143063**                        **PLAINTIFF**

**v.**                 **CASE NO. 5:16-CV-00369-JM-BD**

**KEITH WADDLE**                                                          **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT KEITH WADDLE'S
SECOND MOTION FOR SUMMARY JUDGMENT ON THE MERITS**

### I.    INTRODUCTION

Defendant previously filed a motion for summary judgment in this case (D.E. Nos. 89, 90, and 91). The United States Magistrate Judge Beth Deere recommended this case to be dismissed with prejudice (D.E. 98). The Senior Judge of the United States District Court for the Eastern District of Arkansas Leon Holmes adopted the proposed recommendations (D.E. 100), and Plaintiff appealed. The United States Court of Appeals for the Eighth Circuit Court affirmed the judgment in part and reversed in part, and the case was remanded for further proceedings. *Hamner v. Kelley*, 737 Fed. Appx. 801, 802 (8th Cir. 2018)(unpublished).

The only issue that remains in this case is whether Hamner can meet his burden of proof to show that Waddle was not an impartial decision maker. *Id*. Hamner presented evidence reflecting that he had named Waddle in his claim with the Arkansas State Claims Commission, which was pending at the time of his disciplinary hearing. *Id*. In addition, the video recording captured only the formal proceedings of the hearing, but Hamner alleged in his verified amended complaint

that he asked Waddle to recuse himself "prior to" the hearing. *Id*. As explained below, based on these factual allegations, Hamner cannot meet his burden of proof to show that Waddle was not an impartial decision maker on his disciplinary hearing.

## II.     ARGUMENT

### 2.1.    Hamner Cannot Meet His Burden Of Proof To Show That Waddle Was Not An Impartial Decision Maker.

Hamner cannot prevail on his section 1983 claims because, accepting Hamner's allegations as true, such allegations are insufficient to state a claim for violating Hamner's Due Process rights. When analyzing a bias claim under the Due Process Clause, the court starts with "a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999) ("Although the Due Process Clause requires a fair and impartial tribunal, we begin with a presumption that decision-makers are honest and impartial."); *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 889 (2009) ("All judges take an oath to uphold the Constitution and apply the law impartially, and we trust that they will live up to this promise."). In the absence of a finding of actual bias, the inquiry is objective. *Id*. The court asks "not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' " *Id*. at 890.

Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); see *Williams*

*v. Pennsylvania,* 579 U.S. ——, ——, 136 S.Ct. 1899, 1905, 195 L.Ed.2d 132 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias" (internal quotation marks omitted)).

The Eighth Circuit held that "[i]t requires a substantial showing of bias to disqualify a hearing officer in administrative proceedings or to justify a ruling that the hearing was unfair." *United States ex rel. De Luca v. O'Rourke,* 213 F.2d 759, 765 (8th Cir. 1954). Indeed, a party claiming bias on the part of an administrative tribunal must overcome "a presumption of honesty and integrity in those serving as adjudicators." *In re Morgan,* 573 F.3d 615, 624 (8th Cir.2009). "Plaintiffs bear the heavy burden of establishing that the administrative hearing was unfair." *South Dakota III,* 401 F.Supp.2d at 1011 (citing *Cent. Ark. Auction Sale, Inc. v. Bergland,* 570 F.2d 724, 731 (8th Cir.1978)).

Here, on August 6, 2015, Mr. Hamner filed a complaint with the Arkansas Claims Commission ("Claims Commission"). (D.E. 2 at p.90). In that action, Mr. Hamner complained that, in November of 2014, ADC officials violated ADC policy by failing to provide him a written explanation of the charges against him within 72 hours of placing him on investigative status. In his complaint before the Claims Commission, Mr. Hamner specifically charged that Defendant Waddle lacked the authority to hold a disciplinary hearing on the charge at issue because Mr. Hamner had not received a written explanation of the charges against him within 72 hours.

3

On February 11, 2016, Mr. Hamner's action before the Claims Commission was dismissed. (*Id.* at p.93)

While that action remained pending, however, on October 22, 2015, Corporal Kendra Hopson (not a party to this lawsuit) was working at barracks 9, zone 3, of the Tucker Unit when she observed Mr. Hamner fall under the dayroom benches. (D.E. 90-3 at p. l) According to the incident report, Mr. Hamner was incoherent; his eyes were bloodshot; and his speech was slurred. *Id.* Mr. Hamner stated, "I need help. I need help." (D.E. 90-1 atp.8) Corporal Hopson called for assistance, and Mr. Hamner was escorted to the infirmary. (D.E. 90-3 at p.1) Corporal Hopson charged Mr. Hamner with being under the influence of illegal drugs, alcohol, or other chemical substance.[1] (#90-3 at p.6) At the November 18, 2015, disciplinary hearing, Defendant Waddle found Mr. Hamner guilty of the charged rule violation. (D.E. 95 at pp. I 0-11).

Hamner alleged that Waddle wrongfully upheld the disciplinary because he was not drug tested before he was charged with the disciplinary at issue. D.E. 90-3. However, it is undisputed that even if Waddle ordered to test him for drug use, such test would not show if Plaintiff was under influence on October 2, 2015. Hamner Dep. 54:15-19, D.E. 90-1. It is also undisputed that no ADC policy states that an inmate cannot be disciplined for being under influence unless he was given a drug test. Hamner Dep. 73:6-15, D.E. 90-1.

---

[1] Hamner admitted using drugs in January of 2015, and "three or four times" between January and October of 2015. Hamner Dep. 67:16-22, 69:10-14, D.E. 90-1.

Considering all the circumstances alleged, Hamner cannot show that an average disciplinary hearing officer in Waddle's position would be biased against Hamner. The mere presence of another proceeding where Hamner made allegations against Waddle is insufficient to disqualify Waddle from hearing other cases involving Hamner. Hamner cannot show that any unconstitutional potential for bias exists in this case because there was no showing that Waddle had any personal animus or ill will towards Hamner. *Klinge v. Lutheran Charities Ass'n*, 523 F.2d 56, 63 (8th Cir. 1975). To find otherwise would allow any inmate to disqualify a hearing officer from his case by simply filing a complaint against that hearing officer.

Furthermore, Hamner's disciplinary was upheld on appeal to the Disciplinary Hearing Administrator (D.E. 90-3, p. 8), and to the Director of the ADC, Wendy Kelley (D.E. 90-3, p. 9). During the both appeals, a thorough review of all documents pertaining to Hamner's disciplinary was conducted, and the guilty verdict was upheld. D.E. 90-3.

**2.2. Hamner's Claims Are Barred Under Qualified Immunity.**

Waddle also is entitled to qualified immunity because he did not violate a clearly established constitutional right. Qualified immunity shields governmental employees acting within the scope of their duties from suit for money damages so long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is designed to protect from liability "all but the plainly

incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Two questions guide the determination of whether a defendant is entitled to qualified immunity: (1) whether the plaintiff has shown the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815-16 (2009) (noting the two-step inquiry for resolving qualified immunity claims mandated by *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001), and holding that courts may exercise sound discretion in deciding which of the two prongs should be addressed first). The first question in deciding whether an official is entitled to qualified immunity is whether he violated a federal right at all. *Coonts v. Potts,* 316 F.3d 745, 750 (8th Cir. 2003). As explained above, the answer to that question is no. Hamner's constitutional rights were not violated by Waddle, because Waddle relied on the disciplinary report of the prison's officer.

The second prong of the qualified immunity analysis provides that Defendant is entitled to qualified immunity unless his conduct violated clearly established constitutional rights "of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. This determination is undertaken in light of the law as it existed at the time and the "specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. The "salient question…is whether the state of the law" gave the officials "fair warning that their alleged [conduct] was unconstitutional." *Id*. Recently, the Supreme Court clarified that in order for a constitutional right to be

clearly established, it "must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (2017).

Hamner cannot show a violation of any constitutional right to which he is entitled. And the state of the law did not give Waddle fair warning that his actions unconstitutional. Thus, this Court should grant summary judgment in favor of Defendant, because he is entitled to qualified immunity from Plaintiff's claims against him.

### III.   CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court grant his motion for summary judgment and for all other just and proper relief to which he is entitled.

Respectfully submitted,

Leslie Rutledge
Attorney General


By:   Maryna O. Jackson
      Maryna O. Jackson
      Arkansas Bar No. 2009111
      Assistant Attorney General
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Telephone: (501) 683.3296
      Fax: (501) 682.2591
      maryna.jackson@arkansasag.gov
      *Attorneys for Keith Waddle*

## **CERTIFICATE OF SERVICE**

  I, Maryna O. Jackson, Assistant Attorney General, hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

<u>Maryna O. Jackson</u>
Maryna O. Jackson
